UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| VINCE BYERS, | ) |
|---|---|
| Movant, | ) |
| v. | ) No. 4:16-CV-943 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER NUNC PRO TUNC[1]

This matter is before the Court on movant Vince Byers' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, based on Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that the Armed Career Criminal Act's[2] ("ACCA") residual clause is unconstitutional. Movant asserts that his prior Missouri convictions for offering violence to an inmate and for second-degree assault are no longer violent felonies, and that he is not properly subject to an enhanced sentence under the ACCA. The government opposes the motion, arguing that Johnson does not affect movant's sentence and he remains an armed career criminal because his ACCA predicate offenses involved the use of force. For the reasons stated below, the Court will grant movant's motion in part and vacate his conviction.

---

[1]This Memorandum and Order Nunc Pro Tunc corrects the citation on page two to the Eighth Circuit Court of Appeals' decision in movant Byers' direct appeal of his criminal conviction. It is otherwise identical to the Memorandum and Order issued June 12, 2017 (Doc. 16). The Judgment issued June 12, 2017 remains in full force and effect (Doc. 17).

[2]18 U.S.C. § 924(e).

**I. Background**

On June 27, 2008, a United States Magistrate Judge issued a criminal complaint against movant, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A single-count indictment charging movant with the same crime was filed on July 10, 2008. See United States v. Byers, 4:08-CR-416 CAS (E.D. Mo.) (Docs. 1, 7).

Movant elected to proceed to trial, and after a three-day jury trial was found guilty of the crime charged on January 28, 2009. A presentence investigation report ("PSR") was prepared, which stated that movant met the Armed Career Criminal provisions of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4 and was subject to an enhanced sentence under 18 U.S.C. § 924(e) based on three prior convictions for crimes of violence: Missouri felony offenses of (1) Attempted Burglary First Degree; (2) Assault First Degree, and (3) Assault Second Degree.[3] On April 16, 2009, the Court sentenced movant to the mandatory minimum term of 180 months and a two-year period of supervised release.

Movant filed a direct appeal, but his conviction and sentence were upheld by the Eighth Circuit Court of Appeals. United States v. Byers, 603 F.3d 503 (8th Cir. 2010). Movant filed a petition for writ of certiorari with the United States Supreme Court which was denied on November 4, 2010. Byers v. United States, No. 10-5740 (2010).

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on October 11, 2011. Byers v. United States, No. 4:11-CV-1765 CAS (E.D. Mo.). The

---

[3]The PSR did not list Byers' Missouri felony conviction for Offering Violence to an Inmate, at issue in this motion, as a basis for an enhanced sentence. The Government agrees that Byers' felony convictions for Attempted Burglary First Degree and Tampering First Degree are not crimes of violence. See Response to Show Cause Order at 5-6 (Doc. 11).

Court denied the motion on January 24, 2014, and the Eighth Circuit denied movant's application for a certificate of appealability on May 29, 2014.

After the Supreme Court decided Johnson, movant filed a petition with the Eighth Circuit for authorization to file a successive application under § 2255, which was granted on June 6, 2016. Byers v. United States, No. 16-2308 (8th Cir. June 6, 2016). Movant then filed the instant action.

## II. Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, 191 F.Supp.3d 989, 992-93 (W.D. Mo. 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

## III. Discussion

### A. *The Armed Career Criminal Act*

Movant's claim for relief relies on the interaction of recent Supreme Court cases interpreting the ACCA. Ordinarily, the crime of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened

3

use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by <u>Johnson</u>, <u>see</u> 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(b)(ii) (the "enumerated offenses clause"), are still effective. <u>Id.</u> at 2563. Subsequently, the Supreme Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch</u>, 136 S. Ct. at 1268.

*B. Movant Meets the Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states that a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Separately, Section 2255(h)(2) requires that a second or successive habeas motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Government does not dispute that movant meets the requirements of these statutes.

*C. Movant's Claimed Basis for Relief and the Government's Response*

Movant Byers asserts that his 1983 conviction for Offering Violence to an Inmate under § 217.385, Mo. Rev. Stat. (1982), and his 2006 conviction for Assault Second Degree under § 565.060.1, Mo. Rev. Stat. (2000), no longer qualify as violent felonies and predicate offenses now

4

that Johnson has declared the ACCA's residual clause unconstitutional.[4] The Government responds that despite Johnson, movant is still subject to the armed career criminal enhancement because his status does not rest on the ACCA's residual clause. The Government asserts that both of movant's convictions are violent felonies under the "elements/use of force" clause of the ACCA.

*D. Movant's Conviction for Offering Violence to an Inmate is Not a Crime of Violence*

Byers contends that his 1983 conviction for Offering Violence to an Inmate is no longer a predicate conviction under the ACCA. At the time Byers was convicted, the statute's language provided: "No offender shall commit or offer to commit violence to an employee of the department or to another offender housed in a department correctional facility, or attempt to do injury to any building or other property. Violation of this section shall be a class C felony." § 217.835, Mo. Rev. Stat. (1982).

Byers asserts that Missouri courts found the statutory phrase "offers to commit violence" applied to both completed and attempted assaults, citing State v. Bailey, 783 S.W.2d 490, 491 (Mo. Ct. App. 1990), and held that the statute required no culpable mental state and was a strict liability offense, citing State v. East, 817 S.W.2d 521, 522 (Mo. Ct. App. 1991), and State v. Lee, 708 S.W.2d 229, 232 (Mo. Ct. App. 1986). Byers argues that to qualify as a predicate under the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i), an offense must require the _intentional_ use or threat of violent force, based on the Supreme Court's holding in Leocal v. Ashcroft, 543 U.S. 1 (2004), that

---

[4]Although Byers' Motion to Correct Sentence is vague about which of his prior convictions he contends are no longer crimes of violence, Byers concedes in the Objections to Final Resentencing Report filed in the criminal case that his Missouri conviction for Assault First Degree is a crime of violence. See Petitioner's Objections at 10 (4:08-CR-416 CAS, Doc. 94). The Court therefore finds that Byers' motion challenges only the status of his convictions for Offering Violence to an Inmate and Assault Second Degree.

convictions for accidental or negligent conduct, or for conduct lacking any *mens rea*, do not qualify as crimes of violence under the "use of force" clause of 18 U.S.C. § 16(a).

Byers notes that Section 16(a) is "nearly identical" to the ACCA's force clause, § 924(e)(2)(B)(i), as both require that an offense have "as an element the use, attempted use, or threatened use of physical force." Byers asserts that like § 16(a), the ACCA's force clause does not apply to accidental or negligent offenses, or to offenses entirely lacking in *mens rea*, citing United States v. McMurray, 653 F.3d 367, 374-75 (6th Cir. 2011) (stating the Supreme Court "has applied the reasoning in Leocal to the context of interpreting the ACCA's 'use of force' clause," and determining that the phrase "use of physical force" in § 924(e)(2)(B)(i) "requires more than reckless conduct."); United States v. Moore, 203 F.Supp.3d 854, 861 (N.D. Ohio 2016) (stating that "for the force prong of the ACCA to be constitutional, any qualifying criminal statute . . . must require mens rea" and finding that the strict liability crime of aggravated robbery lacks the *mens rea* necessary to qualify as a predicate offense under ACCA.).

The Government does not address Byers' arguments that § 217.385 lacked a *mens rea* element, or that Leocal applies to the ACCA's force clause. Instead, the Government responds that under Missouri law, the term "violence" in § 271.385 has been defined to mean "exertion of any physical force so as to injure or abuse," citing State v. Mack, 12 S.W.3d 349, 351-52 (Mo. Ct. App. 2000), and State v. Lee, 708 S.W.2d at 231; and that the ACCA's "elements/use of force" clause provides a violent felony is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Government asserts that § 271.385 "clearly . . . has as an element the use, attempted use, or threatened use of physical force against the person of another" and concludes that, as such, it is a violent felony under

6

the elements clause. This argument is insufficient to resolve the question presented by Byers' motion.

In <u>Leocal</u>, the Supreme Court addressed 18 U.S.C. § 16(a)'s language stating that a crime of violence involves the "use . . . of physical force against" another's person or property. The Court found the word "use" requires active employment, and "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." 543 U.S. at 9. The Court concluded that state DUI offenses with no *mens rea* component or that require only a showing of negligence in the operation of a vehicle are not crimes of violence under Section 16(a). <u>Id.</u>; <u>see</u> <u>also</u> <u>United States v. Torres-Villalobos</u>, 487 F.3d 607, 614-17 (8th Cir. 2007) (concluding under <u>Leocal</u> that a state law manslaughter offense with no *mens rea* element did not meet the use-of-force requirement of 18 U.S.C. § 16(b)). Thus, the <u>use</u> of force requires its active employment rather than negligent or accidental conduct. <u>Leocal</u>, 543 U.S. at 9-10, <u>Villalobos</u>, 487 F.3d at 616; <u>see</u> <u>also</u> <u>United States v. Castleman</u>, 134 S. Ct. 1405, 1415 (2014) ("[T]he knowing or intentional application of force is a 'use' of force.").

As Byers asserts, the crime of violence definition at issue in <u>Leocal</u> and <u>Torres-Villalobos</u> is identical to the language in the force clause at issue here. *Compare* 18 U.S.C. § 924(e)(2)(B)(i) and 18 U.S.C. § 16(a). The Eighth Circuit has not had the opportunity to determine whether it will apply <u>Leocal</u> to the ACCA as some other courts have done. <u>See</u>, <u>e.g.</u>, <u>McMurray</u>, 653 F.3d at 374-75; <u>United States v. Dixon</u>, 805 F.3d 1193, 1197 (9th Cir. 2015). As the Sixth Circuit stated in <u>McMurray</u>, the Supreme Court quoted <u>Leocal</u> and applied its reasoning in the context of interpreting the ACCA's use of force clause in <u>Johnson</u>, 599 U.S. at 1271, where it "focused on the question of the degree of physical force required to qualify as a 'violent felony'–the 'violent' aspect of the

Leocal Court's 'violent, active crimes' characterization[.]" 653 F.3d at 374-75. The Sixth Circuit therefore concluded it was appropriate to apply Leocal's reasoning to the ACCA's "use of physical force" clause, and held that such "use" requires more than reckless conduct.[5] Id.

The Supreme Court has applied Leocal's analysis to interpretation of the ACCA's force clause, see Johnson, 599 U.S. at 1271, the language of the statutes is identical, and there does not appear to be any reason why the language should be interpreted differently under Section 16(a) and the ACCA. The Court will therefore apply the holdings of Leocal and Torres-Villalobos to the issue presented by Byers' motion.

A.

As a threshold matter, after briefing was completed in this case, the Eighth Circuit rejected an argument that the current § 217.385.1, Mo. Rev. Stat. (2000), is overinclusive because it criminalizes conduct that fails to rise to the level of force capable of causing physical pain or injury, and held that a conviction under the statute is a predicate violent felony under the ACCA.).[6] United States v. Irons, 849 F.3d 743, 749 (8th Cir. 2017). The Eighth Circuit reasoned that Missouri courts have interpreted the term "violence" in § 217.385.1 in a manner consistent with the ACCA's definition of "violent force." Id. at 749 (citing Johnson v. United States, 559 U.S. at 138; Mack, 12 S.W.3d at 351). The Eighth Circuit also reaffirmed its earlier holding in United States v. Dudley[7]

---

[5]As discussed below, the Eighth Circuit has held that reckless conduct is sufficient to constitute the use of physical force under the ACCA's force clause. United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016).

[6]Section 217.385.1, Mo. Rev. Stat. (2000), provides: "No offender shall knowingly commit violence to an employee of the department or to another offender housed in a department correctional center."

[7]United States v. Dudley, 230 F.3d 1364, at *1 (8th Cir. 2000) (per curiam) (unpublished table opinion).

8

that "the use or threatened use of physical force" is an inherent element of Mo. Rev. Stat. § 217.385.1, and held that a violation of the statute is a "crime of violence" under the Guidelines and the ACCA. Irons, 849 F.3d at 748.

In Irons, the Eighth Circuit was not called upon to address the argument movant raises here: that § 271.385, Mo. Rev. Stat. (1982) lacked a *mens rea* element and therefore cannot be an ACCA crime of violence under the reasoning of Leocal. This is not surprising because the statute under which Irons was charged would not be susceptible to the challenge Byers raises, as it has a *mens rea* element: the acts it prohibits must be done "knowingly." Irons is therefore distinguishable and does not control the question presented by the instant motion.

As for Dudley, the *mens rea* issue was not raised in the case, which was decided prior to the Supreme Court's Leocal decision. Although the Eighth Circuit held that the version of § 217.385 under which Byers was convicted included as an implied element the use or threatened use of physical force, this does not address Leocal's holding that the "use" of force must involve a higher degree of intent than negligent or merely accidental conduct to be a crime of violence. As a result, Dudley also does not control the instant motion.

B.

Turning to the merits of Byers' motion, the Court applies the categorical approach to determine if a prior conviction is a violent felony or crime of violence. Taylor v. United States, 495 U.S. 575, 600-01 (1990). Under this approach, the Court reviews the elements of the offense as defined by statute to determine whether the elements are "the same as, or narrower than, those of the generic offense." Descamps v. United States, 133 S. Ct. 2276, 2293 (2013). The Court considers only the elements of the offense—not the underlying facts of the conviction—to determine

9

if a prior conviction qualifies as a predicate conviction. Id. "When determining whether a state offense is a 'violent felony' under the ACCA, [federal courts] are bound by a state's delineation of the elements." Irons, 849 F.3d at 747; Johnson, 559 U.S. at 138 (federal courts are bound by a state supreme court's "interpretation of state law, including its determination of the elements" of a state offense).

In State v. Goodman, 425 S.W.2d 69 (Mo. 1968), a challenge to a conviction for assaulting a prison guard under § 216.460, Mo. Rev. Stat. (1959),[8] the predecessor statute to § 217.385, the Missouri Supreme Court squarely rejected the argument that the criminal information must charge and prove intent to do great bodily harm. The Court held that the statute's language indicated the crime was a strict liability offense and no intent was required to be charged or proved, and explained why the legislature would have omitted a *mens rea* element:

> The reason for the enactment of such a special statute is obvious. The ratio of guards to prisoners is not great and the prison employees go about the premises unarmed. It is essential that order be maintained and the employees protected. An assault (even without intent to do great bodily harm) or acts to destroy or damage property, might easily provoke more trouble, and possibly a riot, and the legislature determined by the enactment of § 216.460 that the doing of any of these acts would constitute a felony.

Goodman, 425 S.W.2d at 72.

---

[8]Section 216.460 included similar operative language as subsequent § 217.385, and provided:

> If several prisoners combine or any single prisoner offers any violence to any officer, guard or employee of the state department of corrections, or to any inmate, or does or attempts to do any injury to any building or workshop, or other property, each of such persons is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in an institution to which he may be assigned by the state department of corrections for not less than two nor more than five years.

§ 216.460, Mo. Rev. Stat. (1959), repealed L. 1982, H.B. No. 1196, § A.

Thus, the Missouri Supreme Court squarely held that the predecessor to § 217.385 was a strict liability statute with no *mens rea* element. See also State v. Jackson, 500 S.W.2d 306, 309 (Mo. Ct. App. 1973) (§ 216.460 "provides for a felony involving a special offer of violence or assault to a guard or employee of the state department of corrections. It is unlike ordinary felonious assault in that intent to do great bodily harm need not be charged or proved[.]").

Section 216.460 was repealed and replaced by § 217.385 in 1982. See L. 1982, H.B. No. 1196, § A. The statute was reworded, but its elements remained substantially unchanged. Section 217.385 as enacted in 1982 is the statute under which Byers was convicted. Section 217.385 was also challenged on the basis that a culpable mental state must be proved in a prosecution for offering violence to a corrections officer. See State v. Lee, 708 S.W.2d at 232. The Missouri Court of Appeals rejected this argument and determined that the reasoning articulated by the Missouri Supreme Court in Goodman with respect to § 216.460 "applie[d] to compel the result that a culpable mental state is not required in a prosecution under § 217.385." The court reiterated why the statute did not include a *mens rea* element:

> The legislature pointedly refrained from including any requirement of culpable mental state in § 217.385. Considering the purpose of the statute as stated in Goodman, the reason for such omission is easily understood. Even an unintentional act of violence to an officer or employee in a correctional institution could touch off more violence and perhaps a riot. For good reason the legislature has determined that no violence shall be offered to any officer or employee or other inmate in a correctional institution.

Lee, 708 S.W.2d at 232.

Section 217.385 was the subject of a *mens rea* challenge again in State v. Taylor, 746 S.W.2d 102 (Mo. Ct. App. 1988). There, the Missouri Court of Appeals "unequivocally reaffirm[ed] the decision in Lee and h[e]ld that § 217.385, RSMo 1986, designate[d] the offense to be one of strict

11

liability not involving proof of a culpable mental state." 746 S.W.2d at 104. Numerous other Missouri appellate cases have rejected similar challenges to § 217.385. See, e.g., State v. East, 817 S.W.2d at 522 ("No specific culpable mental state is given in the statute, and this court has consistently held that § 217.385 is a strict liability offense, requiring no culpable mental state."); State v. Singleton, 799 S.W.2d 120, 120 (Mo. Ct. App. 1990) ("For this particular crime, courts have ruled on many occasions there need be *no* showing or proof of a culpable mental state."); State v. Bailey, 783 S.W.2d 490, 491 (Mo. Ct. App. 1990) ("It is well settled that the offense of offering violence to a correctional officer under § 217.385, RSMo 1986, is one of strict liability and requires no culpable mental state.").

These Missouri Court of Appeals cases establish that § 217.385, Mo. Rev. Stat. (1982), was a strict liability statute with no *mens rea* element. The decisions uniformly interpret the statute and are particularly persuasive because they are firmly grounded in the Missouri Supreme Court's reasoning in Goodman, which addressed a similar, predecessor statute. See Castleman, 134 S. Ct. at 1418 (discussing the principle "'that when "a word is obviously transplanted from another legal source, whether the common law *or other legislation*, it brings the old soil with it."'") (quoting Sekhar v. United States, 133 S. Ct. 2720, 2724 (2013)). The Court has no basis to disregard these decisions and is bound by the Missouri courts' determination that § 217.385 lacked a *mens rea* element at the time of Byers' conviction. See Johnson, 559 U.S. at 138 (federal courts are bound by a state supreme court's "interpretation of state law, including its determination of the elements" of a state offense).

Byers' conviction for Offering Violence to an Inmate is not an enumerated offense under 18 U.S.C. § 924(e)(2)(B)(ii). As a result, to qualify as a predicate convictions, it must have as an

12

element "the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i). "Physical force 'means *violent* force—that is, force capable of causing physical pain or injury to another person.'" United States v. Jordan, 812 F.3d 1183, 1186 (8th Cir. 2016) (quoting Johnson, 559 U.S. at 140).

The Court concludes, based on the foregoing Missouri cases interpreting the statute and the holdings of Leocal and Torres-Villalobos, that offering violence to an inmate in violation of § 217.385, Mo. Rev. Stat. (1982), does not constitute the <u>use</u> of physical force because the statute imposed strict liability and lacked a *mens rea* element. The statute permitted a conviction in the absence of any intent, or in the absence of recklessness. Byers' conviction for offering violence to an inmate is therefore not a crime of violence under the ACCA and cannot be used as a predicate conviction.

*E. Movant's Conviction for Assault Second Degree is a Crime of Violence*

Byers also contends that his conviction for Second-Degree Assault under § 565.060.1(3), Mo. Rev. Stat. (2000),[9] is no longer a crime of violence under the ACCA or the United States Sentencing Guidelines because convictions based on reckless conduct do not qualify as predicate offenses.

The statute reads in relevant part:

1. A person commits the crime of assault in the second degree if he:

(1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

---

[9]The parties agree that Byers' conviction was under subsection (3) of § 565.060.1, Mo. Rev. Stat.

13

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3) Recklessly causes serious physical injury to another person; or

(4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or

(5) Recklessly causes physical injury to another person by means of discharge of a firearm; or

(6) Operates a motor vehicle in violation of subsection 2 of section 304.022, and when so operating, acts with criminal negligence to cause physical injury to any person authorized to operate an emergency vehicle, as defined in section 304.022, while such person is in the performance of official duties.

§ 565.060, Mo. Rev. Stat.

Byers asserts that under Eighth Circuit precedent, convictions based on reckless conduct do not qualify as predicates for ACCA or crimes of violence under the Guidelines, citing United States v. Boose, 739 F.3d 1185, 1187-88 (8th Cir. 2014), United States v. Dawn, 685 F.3d 790, 795 (8th Cir. 2012), and United States v. Ossana, 638 F.3d 895, 901 (8th Cir. 2011). Byers argues that the Eighth Circuit's more recent decision in United States v. Fogg, 836 F.3d 951 (8th Cir. 2016), holding that reckless discharge of a firearm under Minnesota law is a violent felony under the ACCA's "force" clause, failed to follow the binding Circuit precedent of Dawn and Boose which held that reckless offenses are not crimes of violence, and therefore has no persuasive value in this case.[10]

---

[10]In his Reply memorandum, Byers acknowledges that the Eighth Circuit denied rehearing in Fogg, but maintains that Fogg failed to address existing precedent and was "wrongly decided." Reply at 3. Byers notes that a Circuit split has developed on the issue of whether reckless offenses are predicate offenses under 18 U.S.C. § 924(e) in light of the Supreme Court's ruling in Voisine v. United States, 136 S. Ct. 2272 (2016). Id.

14

Byers also asserts that he has the right to be sentenced under the Guidelines in effect when the crime was committed if the resulting sentence is less severe than under current Guidelines, citing Peugh v. United States, 133 S. Ct. 2072 (2013). Byers asserts that his conviction for reckless assault does not constitute "aggravated assault" under either the former or the current versions of U.S.S.G. § 4B1.2. Byers states that at the time the offense was committed, U.S.S.G. § 4B1.2 did not include aggravated assault in its enumerated offenses clause, § 4B1.2(a)(2), but aggravated assault was included as a "commentary" offense, suggesting that it qualified as a crime of violence regardless of whether it has as an element the use, attempted use, or threatened use of physical force. Byers contends that under Stinson v. United States, 508 U.S. 36 (1993), an offense that is listed in the commentary but does not interpret or explain the text of the Guideline is not a crime of violence. Byers argues that because second-degree assault does not have as an element the use, attempted use, or threatened use of physical force against the person of another, the commentary does not interpret or explain § 4B1.2(a)(1). Byers argues that the assault does not qualify under the current version of § 4B1.2 because a reckless assault is not generic aggravated assault within the meaning of the newly revised enumerated offenses clause of the Guideline, citing, e.g., United States v. Garcia-Jiminez, 807 F.3d 1079, 1085 (9th Cir. 2015).

The Government responds that Petitioner was convicted of recklessly causing serious physical injury under § 565.060.1(3), and "serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(28), Mo. Rev. Stat. The Government then states that the ACCA's "elements/use of force" clause provides a violent felony is any crime having "as an element the use, attempted use, or threatened use of physical force against

15

the person of another." 18 U.S.C. § 924(e)(1)(i). Without offering any specific response to the cases and arguments on which Byers relies, the Government summarily concludes, "Clearly, the crime of 'Assault Second Degree' meets this definition." Response to Show Cause Order at 8.

The Eighth Circuit held in Fogg that under the Supreme Court's Voisine decision, reckless conduct constitutes a "use" of force under the ACCA.[11] Fogg, 836 F.3d at 956. The Eighth Circuit's

---

[11]In his opinion concurring in part and dissenting in part, the late Judge Myron H. Bright stated:

> Earlier this year, we signaled a move to join our sister Circuits in holding only crimes with a mens rea of "intent" or "purpose" qualify as "violent felon[ies]" under the ACCA. See United States v. Garcia–Longoria, 819 F.3d 1063, 1065–67 (8th Cir. 2016) (assuming without deciding that a crime with the mens rea of "recklessness" would not categorically involve the "use, attempted use, or threatened use of physical force"); see also United States v. Boose, 739 F.3d 1185, 1187–88 (8th Cir. 2014) (holding a conviction for "reckless driving" did not categorically involve the "use, attempted use, or threatened use of physical force"); United States v. Dixon, 805 F.3d 1193, 1197 (9th Cir. 2015) (holding "the use of force must be intentional, not just reckless or negligent"); United States v. McMurray, 653 F.3d 367, 374–75 (6th Cir. 2011) ("[T]he 'use of physical force' clause of the ACCA ... requires more than reckless conduct."); Garcia v. Gonzales, 455 F.3d 465, 469 (4th Cir. 2006) (holding "recklessness, like negligence, is not enough to support a determination that a crime" categorically involved the "use, attempted use, or threatened use of physical force"). Now, without the benefit of further briefing and acknowledging the Supreme Court has not decided the issue, the majority concludes a mens rea of "recklessness" is sufficient for a crime to qualify as a "violent felony" under the ACCA relying on the Supreme Court's recent decision in Voisine v. United States, __ U.S.__, 136 S. Ct. 2272, 195 L.Ed.2d 736 (2016). We ought to refrain from deciding important and far reaching issues such as this on a plain error standard of review and without the benefit of full briefing or argument. See Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 938–39 (8th Cir. 2013). This is especially true when the opinion relied upon expressly distinguishes itself from the statutory provision at issue. Voisine, 136 S. Ct. at 2280 n.4 (acknowledging that the interpretation of the "misdemeanor crime of domestic violence" provision can diverge from "crime of violence" or "violent felony" provisions and, therefore, the decision only resolves the requisite mens rea for "misdemeanor crime[s] of domestic violence").

Fogg, 836 F.3d at 957 n.2.

holding in Fogg is binding on this Court. As a result, Second-Degree Assault under § 565.060.1(3), Mo. Rev. Stat., a crime with a *mens rea* of recklessness, is a crime of violence under the ACCA. Byers' arguments do not provide authority for the Court to avoid Fogg's holding.

## IV. Conclusion

For the foregoing reasons, under Johnson v. United States, 135 S. Ct. 2551 (2015), movant Byers' conviction for Offering Violence to an Inmate under § 213.385, Mo. Rev. Stat. (1982), no longer qualifies as a violent felony under the ACCA. Byers' conviction for Second-Degree Assault under § 565.060.1(3), Mo. Rev. Stat. (2000), remains an ACCA crime of violence. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," see 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Byers is therefore entitled to be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that movant Vince Byers' Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED in part** and **DENIED in part**, as set forth herein. [Doc. 1]

**IT IS FURTHER ORDERED** that the judgment and commitment in United States v. Vince Byers, No. 4:08-CR-416 CAS, filed April 16, 2009 (Crim. Doc. 65) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Byers. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Mr. Byers' detention order (Crim. Doc. 18) remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:08-CR-416 CAS.

An appropriate judgment will accompany this Memorandum and Order.

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of June, 2017.